IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICK CHILDS, : | |
| : | |
| Plaintiff, : | Case No. _____ |
| : | |
| v. : | |
| : | |
| GENERAL MILLS OPERATIONS, LLC, : | |
| : | |
| Defendant. : | |

## COMPLAINT

Plaintiff is seeking leave to amend the complaint to add a Title VII claim in separate class action litigation in which he is a named plaintiff and which is pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. (*See* Docs. 20 & 20-1.) To preserve all rights related to his Title VII race discrimination claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq*. ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## PARTIES

4.

Plaintiff is a Black male and current employee of Defendant who works at General Mills' manufacturing facility in Covington, Georgia.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## **ADMINISTRATIVE PROCEEDINGS**

7.

Defendant is a covered employer under Title VII.

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.

The EEOC issued Plaintiff a Notice of the Right to Sue against Defendant, and this lawsuit was timely filed thereafter.

10.

Plaintiff made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

11.

All conditions precedent to jurisdiction under Title VII have been satisfied.

12.

All administrative prerequisites for filing suit on Plaintiff's claims have been satisfied.

13.

This suit is timely, appropriate, and valid in all respects.

## STATEMENT OF FACTS

14.

Plaintiff Rick Childs, a Black current employee, had each of his promotions/level advancements delayed for circumstances that were not used to delay promotions of white counterparts.

15.

James Dolan and Douron Pierce, Good Ole Boys white males who were close with Cantrell, targeted Childs for a changeover and missed audit. Dolan and Pierce were nearly successful in getting Childs terminated for a missed audit until it was proven that the metal detector at issue was broken so 15-20 other technicians (who were not being targeted by the Good Ole Boys) had missed the audit too.

16.

After avoiding termination that nearly occurred from Pierce and Dolan's targeting, Childs was told it would be in his best interest to move to another team. He was then moved from A-Team, which was known to be racist, to C-Team, which had younger employees of color (and was derogatorily referred to as "the NBA Team").

17.

Meanwhile, Childs has continued to work under the reputational harm caused by Pierce and Dolan that never recovered – he has not been promoted and has largely stopped applying for promotions because doing so is futile.

18.

The most recent example of General Mills' failures to promote Childs was earlier in 2024, when he applied for a Blackhat Trainer role. Childs was denied the role in favor of James Spitzer, a less-qualified white male Good Ole Boys member who painted the Confederate Mural. Upon information and belief, Spitzer was preselected for the role prior to conducting interviews. The decisionmakers who selected Spitzer for the role were white and made the intentional decision to choose Spitzer over Childs based on race.

## COUNT ONE

Title VII:  Disparate Treatment/Discrimination

19.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

20.

Plaintiff is a member of a class protected by Title VII.

21.

Defendant is a covered employer under Title VII.

22.

Plaintiff was qualified for a Black Hat position for which he applied in early 2024.

23.

Plaintiff was passed over for the position in favor of a less-qualified white employee, James Spitzer.

24.

Plaintiff was treated less favorably than similarly situated employees outside of his protected class, including James Spitzer.

25.

Plaintiff's race was a motivating factor for Defendant's failure to promote him.

26.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

27.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)  Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b)  Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful

employment practices that give Black employees the full benefit of employment at General Mills;

(c) Full amount of financial losses caused to Plaintiff as a result of the racist employment practices at the Covington facility;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g) Judgment against Defendant for damages incurred by Plaintiff;

(h) Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(i) An award of pre-judgment and post-judgment interest;

(j) A trial by jury on all issues triable to a jury; and

(k)    Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

          By:    /s/ Douglas H. Dean
                 Georgia Bar No. 130988
                 Attorney for Plaintiff
                 Dean Thaxton, LLC
                 601 E. 14th Avenue (31015)
                 Post Office Box 5005
                 Cordele, Georgia 31010
                 T:  (229) 271-9323
                 F:  (229) 271-9324
                 E:  *doug@deanthaxton.law*

          By:    /s/ Linda G. Carpenter
                 Georgia Bar No. 111285
                 Attorneys for Plaintiff
                 The Brosnahan Law Firm
                 31 Lenox Pointe, NE
                 Atlanta, GA 30324
                 T:  (404) 853-8964
                 F:  (678) 904-6391
                 E:  *lgc@brosnahan-law.com*
                 E:  *sharon@brosnahan-law.com*